USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

DO SOMETHING, INC.,

                          Plaintiff,

  -against-

SAN DIEGO ROCK CHURCH, INC. and MILES
MCPHERSON,

                       Defendants.

------------------------------------------------------------ x

**OPINION DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

11 Civ. 6462 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and (3) or for transfer to the Southern District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendants' motion is denied.

**I.    Personal Jurisdiction**

        Defendant San Diego Rock Church, a California corporation, and Defendant Miles McPherson, a California citizen, contend that the Court lacks personal jurisdiction. "Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998). When personal jurisdiction is challenged prior to discovery, a plaintiff need make only a prima facie showing that jurisdiction exists and this burden can be met by pleading good faith allegations that, if proven, would suffice to establish jurisdiction. See e.g., id.

1

### a. N.Y. C.P.L.R. § 302(a)(1) and (3)

Plaintiff alleges that the Court has jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(1) and (3). Section 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 170 (2d Cir. 2010) (internal quotation marks omitted).

Plaintiff alleges that Defendants' infringing actions include selling McPherson's book, "DO Something: Make Your Life Count," in New York, promoting McPherson's book in New York and advertising and offering items for sale to New York residents via interactive websites.[1] Plaintiff has made a prima facie showing that jurisdiction exists pursuant to § 302(a)(1).

To establish jurisdiction pursuant to § 302(a)(3)(ii), a plaintiff must demonstrate that: "(1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial

---

[1] Plaintiff alleges that "McPherson has supervised and been a moving and conscious force behind the infringement . . . in his role as principal officer and agent of Rock Church . . . ." "Under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active conscious force behind the defendant corporation's infringement." Cartier v. Aaron Faber, Inc., 512 F. Supp. 2d 165, 170 (S.D.N.Y. 2007) (internal quotation marks omitted).

2

revenue from interstate or international commerce." Penguin Group (USA) Inc. v. Am. Buddha, 640 F.3d 497, 498–499 (2d Cir. 2011).

Plaintiff's causes of action are alleged to arise in part from Defendants' acts of trademark infringement committed outside of New York. Plaintiff, a New York corporation, sufficiently alleges injury to its person or property in New York because "the first effects of trademark infringement . . . are typically felt where the trademark owner resides and conducts business, and can include injury in the form of damage to goodwill, lost sales, or lost customers." Savage Universal Corp. v. Graizer Constr., Inc., 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) (internal quotation marks omitted).

With respect to a defendant expecting consequences in New York, "courts have focused on whether there were concrete facts known to the nondomiciliary that should have alerted it that its product would enter the New York market." Am. Network, Inc. v. Access America/Connect Atlanta, Inc., 975 F. Supp. 494, 497 (S.D.N.Y. 1997); cf. McGraw-Hill Cos., Inc. v. Ingenium Techs. Corp., 375 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) ("It is reasonably foreseeable that the provision of materials that infringe the . . . trademarks of a New York company will have consequences in New York . . . ."). Plaintiff satisfies this requirement in alleging purposeful acts by Defendants to target entry into the New York market.

The revenue requirement "is designed to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character." LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 215 (N.Y. 2000) (internal quotation marks omitted). Plaintiff satisfies this requirement in alleging that Defendants operate interactive

3

websites that advertise and offer items for sale, that MacPherson's book has been sold in bookstores nationwide, that MacPherson appeared on the television show "Good Morning America" to promote his book and that Defendants have sponsored projects throughout the United States. Thus Plaintiff has made a prima facie showing that jurisdiction exists pursuant to § 302(a)(3).

### b. Due Process

"The due process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In determining whether minimum contacts exist, the court considers the relationship among the defendant, the forum, and the litigation. To establish the minimum contacts necessary to justify specific jurisdiction, the plaintiff first must show that his claim arises out of or relates to defendant's contacts with the forum state. The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being haled into court there. If the plaintiff satisfies these requirements, the court also considers whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable under the circumstances of a particular case." Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 242-43 (2d Cir. 1999). In determining whether the assertion of jurisdiction is reasonable, the Court considers: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial's

system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering social substantive policies." Id. at 244.

Per their actions as alleged by Plaintiff, Defendants availed themselves of the privilege of doing business in New York such that they could reasonably foresee being haled into a New York court. Furthermore, the assertion of jurisdiction is reasonable. As to the first factor, this forum imposes some burden on California-based Defendants, though this consideration "cuts both ways" because a California forum would impose a similar burden on Plaintiff. Queen Bee, 616 F.3d at 173. The second factor favors this forum because New York has a "manifest interest in providing effective means of redress for its residents." Id. The third factor also favors this forum because Plaintiff is located in New York. Id. Finally, in this trademark infringement action, the final two factors are neutral. Id.

The Court has personal jurisdiction and its exercise of personal jurisdiction is consistent with due process. Defendants' motion is denied with respect to personal jurisdiction.

## II. Venue

Defendants contend that venue is improper pursuant to 28 U.S.C. § 1391(b)(2) and that even if venue is proper, transfer is warranted pursuant to 28 U.S.C. § 1404(a).

Section 1391(b)(2) provides for venue in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ." "Under section 1391(b)(2), venue is proper for a trademark infringement claim in each jurisdiction where infringement is properly alleged to have occurred." Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F. Supp. 2d 449, 459 (S.D.N.Y. 2000); see also French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 26 (S.D.N.Y. 1994). ("[I]f a defendant targets the District by

5

advertising and actively pursues efforts to market the product by making sales presentations and selling even a relatively nominal amount of products in the District, such actions may be regarded as constituting a substantial part of events giving rise to the claim."). Defendants' conduct, as alleged by Plaintiff, renders venue proper in this District.

Finally, Defendants move for this case to be transferred to the Southern District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis. Some of the factors a district court is to consider are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (citations and internal quotation marks omitted).

Plaintiff chose this forum and Plaintiff's choice is entitled to great weight. Id. at 107. Furthermore, "[i]n actions alleging trademark infringement or unfair competition, courts in this district have held the locus of operative facts to be in the initially chosen forum if acts of infringement, dilution, or unfair competition occur in that forum." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008). Because the parties, witnesses and relevant documents are alleged to be located in both New York and California, the second, third, fourth and sixth above factors do not favor transfer. Finally, because it is not evident that "a disparity

exists between the means of the parties, such as in the case of an individual suing a large corporation," 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994), the seventh factor is irrelevant and neutral. Transfer is not warranted and Defendants' motion is denied with respect to both venue and transfer.

SO ORDERED.

Dated:  April 19 2012
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge